* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Chief Deputy Commissioner Gheen with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Plaintiff submitted a notebook containing medical records that were marked as Stipulated Exhibit 2 and received into evidence.
3. Defendant submitted a notebook containing medical records and pleadings, correspondence, and orders filed with or by the Industrial Commission. The notebook was marked as stipulated Exhibit 2A and received into evidence.
4. On August 28, 1998, the day of the injury by accident giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act (hereinafter "Act").
5. On August 28, 1998, an employee-employer relationship existed between plaintiff and defendant.
6. On August 28, 1998, the employer was self-insured with Cambridge Integrated Services Group, Inc. acting as servicing agent.
7. On August 28, 1998, plaintiff sustained a compensable injury by accident while employed with defendant.
8. Plaintiff's average weekly wage was $422.32, yielding a compensation rate of $281.69.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a forty-seven year-old male and was not working. He achieved a two-year associates degree in culinary arts from Ashville Biltmore Technical.
2. Prior to August 28, 1998, plaintiff was employed by defendant for approximately one year as a cook.
3. On August 28, 1998, plaintiff sustained a compensable injury to his low back while working at a floor mixer in defendant's kitchen. He received initial evaluation and treatment at Memorial Mission Hospital on September 1 and 4, 1998 for a diagnosed lumbar strain.
4. Plaintiff was treated by Drs. Tally Eddings and Mark Moody at Asheville Orthopaedic Associates in Asheville.
5. Plaintiff continued his employment for defendant at the same average weekly wage earned at the time of his injury until January 3, 1999, when he began working part time while attending a comprehensive work hardening program at Southeastern Spine Center under the direction of Dr. Andrew Rudins, an Asheville physiatrist. At the conclusion of the work hardening program, plaintiff's right shoulder pain resolved and he had limited lower back pain. A detailed evaluation of his work environment and demands was completed. Some modifications were made to defendant's kitchen equipment to accommodate plaintiff's lower back injury. Plaintiff was certified to undertake the full range of duties associated with his employment.
6. Following completion of the work hardening program, plaintiff returned to full time employment with defendant on February 1, 1999, at the same average weekly wage he earned prior to his compensable injury.
7. Plaintiff was certified at maximum medical improvement on February 5, 1999, with a two and one-half percent permanent partial disability of his spine. He was released from further care by his authorized treating physicians at Asheville Orthopaedic Associates.
8. On March 17, 1999, the parties entered into Forms 21 and 26 Agreements under which defendant agreed to pay and plaintiff agreed to accept compensation under N.C. Gen. Stat. § 97-31 for four weeks of temporary partial disability, from January 3 through 31, 1999, and seven and a half weeks of permanent partial disability. Plaintiff was represented by counsel in the negotiation and execution of these agreements for payment of compensation.
9. On May 4, 1999, defendant filed a Form 28B Report of Compensation and Medical Compensation Paid and Notice of Right to Additional Medical Compensation.
10. On February 23 and 26, 2001, plaintiff filed pro se Form 18M Applications for Additional Medical Compensation. Plaintiff's original counsel was permitted to withdraw as counsel of record in an order entered March 1, 2001.
11. Defendant made no response to the Form 18M Applications before an administrative order by the Executive Secretary on April 12, 2001, approving plaintiff's request for additional medical treatment related to his compensable injury.
12. Thereafter, plaintiff sought evaluation and treatment from a number of physicians and other clinicians, including:
 • Michael J. Goebel, MD, Blue Ridge Bone Joint Clinic, Asheville, NC
 • Richard Burris, MD, Asheville Family Health Center, Asheville, NC
 • R. Christian Estes, Hendersonville Orthopaedics, Hendersonville, NC
 • Joseph J. Estwanik, MD, Metrolina Orthopaedic/Sports Medicine, Charlotte, NC
• Sisters of Mercy Urgent Care Center, Asheville, NC
• Mission St. Joseph's Health System, Asheville, NC
• Asheville Radiology, Asheville, NC
• Asheville MRI, Asheville, NC
 • Mountain Neurological and Spine Rehabilitation, Asheville, NC
• Blue Ridge Physical Therapy Center, Asheville, NC
13. Following the submission of the Form 21 and Form 26, plaintiff primarily sought a wide range of treatments for left scapula and shoulder pain and a knee injury. The knee injury is unrelated to his work related injury. The greater weight of the evidence denotes that plaintiff's scapula and shoulder problems waxed and waned with the treatment he received. Plaintiff's reported pain ranged from slight to debilitating.
14. Dr. Michael J. Goebel (hereinafter "Dr. Goebel") examined plaintiff on February 21, 2001. Dr. Goebel confirmed that plaintiff was not a candidate for surgery or that "anything would substantially improve his condition." Plaintiff requested that Dr. Goebel sign a form for workers' compensation purposes to receive continuing care. Dr. Goebel declined.
15. In April 2004, plaintiff changed his primary care physician to Dr. Richard R. Burris, Jr. (hereinafter "Dr. Burris"). Plaintiff requested that Dr. Burris authorize time out of work due to work related injuries. Dr. Burris declined. Injections were administered that provided some relief for plaintiff's shoulder pain.
16. Plaintiff was examined by Dr. Joseph Estwanick (hereinafter "Dr. Estwanick") on August 13, 2001, pursuant to an Administrative Order entered June 1, 2001 requiring Defendant to provide plaintiff a one-time evaluation with a qualified physician of his choice. Following his review of plaintiff's medical history and a physical examination, Dr. Estwanick concluded in his written evaluation:
 After review of the patient and reviewing his multiple body pain charts, it certainly fits with non-physiologic pain. I feel that the patient is malingering, and by prior exam and multiple sophisticated MRI-CT scan evaluations, he is fully capable of work. Any work limitations is (sic) due to his obesity and lack of follow up to suggested rehabilitation program. I feel that the patient is capable of medium to heavy work activity and he should immediate (sic) begin an 8 hours a day work functioning. According to prior information, substantiated in the patient's record, this patient had been returned to his regular job in Feb. 1999, and according to Dr. Goebel's recommendations, the patient was urged to continue his home exercises and that further treatment was not necessary nor (sic) beneficial. I agree with this treatment.
17. Dr. Estwanick's opinion that further medical treatment was not warranted and his opinion that plaintiff retained capacity to work concurs with the opinions of other treating physicians, including Drs. Mark Moody and Goebel.
18. In addition to the stipulated medical records, the undersigned have carefully considered several pages submitted by plaintiff of "sensory maps" to describe the areas of pain in his body as well as "baker's diaries" describing his work in April, 2001.
19. In addition to complaints of ongoing low back pain, plaintiff has complained of bilateral shoulder and neck pain with more significant left shoulder pain, upper extremity numbness and weakness, bilateral hip pain, numbness in his feet and legs, and bilateral lower extremity weakness. None of these conditions, taken together or considered separately, represents a change of condition since the Commission's approval of the Forms 21 and 26 Agreements.
20. Plaintiff's compensable injury was limited to a lumbar strain.
21. Defendant has provided all medical compensation required under N.C. Gen. Stat. § 97-25.
22. Further medical treatment is not reasonably required to effect a cure or give relief, nor will further medical treatment lessen the period of plaintiff's disability related to his compensable injury.
23. Plaintiff has not worked for defendant since October 11, 2001, when, by his history, he injured his left shoulder while trying to get out of bed.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The greater weight of the credible evidence shows that further medical treatment is not reasonably required to effect a cure or give relief, nor will it lessen the period of plaintiff's disability related to his compensable injury. N.C. Gen. Stat. § 97-25.
2. The appeal of an administrative order requires that the issues be heard de novo. The greater weight of the evidence fails to establish that any further medical treatment is warranted for plaintiff's injuries arising out of his work related injury. The Administrative Order entered herein on April 12, 2001 approving the Form 18M submitted by plaintiff should be stricken.
3. Plaintiff has not proven by the greater weight of the evidence that a change of condition has occurred entitling him to additional disability compensation for injuries arising from his work related accident. N.C. Gen. Stat. Section. § 97-47.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for additional disability compensation and medical compensation is hereby DENIED.
2. The Administrative Order entered herein on April 12, 2001 approving the Form 18M submitted by Plaintiff is STRICKEN.
3. Defendant shall pay costs pursuant to Industrial Commission Rule 801.
This the ____ day of December 2005.
 S/_________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_________________ THOMAS J. BOLCH COMMISSIONER
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER